SCOTT N. SCHOOLS (SCSBN 9990)
United States Attorney
JAY R. WEILL (CSBN 75434)
Assistant United States Attorney
Chief, Tax Division
THOMAS MOORE (ASBN 4305-T780)
Assistant United States Attorney
 10th Floor Federal Building
 450 Golden Gate Avenue, Box 36055
 San Francisco, California 94102
 Telephone:   (415) 436-6935
 Fax:              (415) 436-6748

Attorneys for the United States of America

E-filing

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM C. BERETTA, JENNIFER BERETTA, MAX DAY, TOM'S SEPTIC TANK SERVICE, INC.,<br><br>Defendants. | No.<br><br>C 07-2930<br><br>COMPLAINT<br><br>BZ |

Now comes the United States of America, by and through its undersigned counsel, and complains and alleges as follows:

### COUNT I

### JURISDICTION AND VENUE

1.  This is a civil action brought by the United States against defendant William C. Beretta to set aside the fraudulent conveyances or transfers of real property; and to foreclose federal tax liens upon real property.

2.  This action is commenced pursuant to Sections 7401 and 7403(a) of the Internal Revenue Code of 1986, at the direction of the Attorney General of the United States, with the authorization and sanction, and at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury.

COMPLAINT                                  1

3.  Jurisdiction over this action is conferred upon this Court by Title 28, United States Code, Sections 1340 and 1345, and under Section 7403 of the Internal Revenue Code of 1986.

4.  Venue is proper in the Northern District of California because the subject property is located within this judicial district. 28 U.S.C., Sections 1391 and 1396.

## COUNT II

## IDENTIFICATION OF DEFENDANTS

5.  Defendant William C. Beretta is made a party hereto pursuant to 26 U.S.C. §7403(b) in that he may claim an interest in the real property described in paragraph 16, and more fully described in paragraph 17, which is the subject of this suit.

6.  Defendant Jennifer Beretta is the daughter of William C. Beretta. Defendant Jennifer Beretta currently resides at 15605 Charter Oak Blvd, Salinas, California 93907. Defendant Jennifer Beretta is made a party in that she is the alter ego, nominee, agent or transferee of defendant William C. Beretta and may claim an interest in the property described in paragraph 16, and more fully described in paragraph 17.

7.  Defendant Max Day, whose current address is believed to be 4760 West Lake Blvd, Homewood, California 96141, is made a party hereto pursuant to 26 U.S.C. §7403(b) in that he may claim an interest in the real property described in paragraph 16, and more fully described in paragraph 17, which is the subject of this suit.

8.  Defendant Tom's Septic Tank Service, Inc., whose current address is believed to be 13570 Blackie Road, Castroville, California 95012, is made a party hereto pursuant to 26 U.S.C. §7403(b) in that it may claim an interest in the real property described in paragraph 16, and more fully described in paragraph 17, which is the subject of this suit.

## COUNT III

## IDENTIFICATION OF TAXES OWED

9.  The United States realleges the allegations in paragraphs 1 through 8 above, as if fully set forth herein.

///

COMPLAINT                                              2

1  10. A delegate of the Secretary of the Treasury made assessments against taxpayer William C. Beretta for unpaid federal income taxes (Form 1040), penalties and interest for the years 1987, 1988, 1989, 1990, 1996 and 1997 as set forth below:

| TAX YEAR/ TYPE OF TAX | DATE OF ASSESSMENT | BALANCE OF TAX INTEREST, FEES & PENALTIES AS OF 6/29/06 |
|---|---|---|
| 1987/Income | 10/05/1998 | $ 17,403.57 |
| 1988/Income | 10/05/1998 | $ 46,898.78 |
| 1989/Income | 10/05/1998 | $ 79,257.07 |
| 1990/Income | 10/05/1998 | $ 70,893.15 |
| 1996/Income | 12/21/1998 | $ 291.19 |
| 1997/Income | 12/14/1998 | $ 610.67 |

11. Despite timely notice and demand for payment of the assessments described in paragraph 10 above, defendant William C. Beretta has neglected, failed, or refused to pay the assessments described in paragraph 10 above, and there remains due and owing on said assessments, as of June 29, 2006, the sum of $215,354.43, plus accrued interest and penalties and other statutory additions as provided by law, minus any credits.

## COUNT IV

### JENNIFER BERETTA IS A NOMINEE OF WILLIAM C. BERETTA

12. The United States realleges the allegations in paragraphs 1 through 11 above, as if fully set forth herein.

13. Pursuant to 26 U.S.C. §§6321 and 6322, tax liens arose in favor of the United States upon all property and rights to property, whether real or personal, belonging to defendant William C. Beretta as of the date of the assessments described in Paragraph 10, above.

14. On July 27, 2001, the Internal Revenue Service filed with the Monterey County Recorder, State of California, a Notice of Federal Tax Lien relative to each of the assessments for

COMPLAINT                                    3

1  years 1987, 1988, 1989, 1990, 1996 and 1997 described in paragraph 10 against William C.
2  Beretta.

3      15.    On April 1, 2003, the Internal Revenue Service filed with the Monterey County
4  Recorder, State of California, a Notice of Federal Tax Lien relative to each of the assessments for
5  the years 1987, 1988, 1989, 1990, 1996 and 1997 described in paragraph 10 designating Jennifer
6  Beretta as nominee and transferee of William C. Beretta.

7      16.    By Deed dated November 21, 1986, and recorded December 19, 1986, with the
8  Monterey County Recorder Monterey County, California, defendant Jennifer Beretta acquired
9  record title in joint tenancy to the certain real property in the City of Salinas, Monterey County,
10 California described as follows:

11         Lot Number 16, as said Lot is shown on that certain map entitled
12         Map of Tract Number 571, Oak Hills Unit No. 3.

13     17.    By Quitclaim Deed dated October 24, 1991, and recorded October 24, 1991, with
14 the Monterey County Recorder, Monterey County, California, defendant Jennifer Beretta
15 acquired record title to certain real property in the City of Salinas, Monterey County, California
16 described as follows (hereinafter referred to as the ("Charter Oak property"):

17         Lot Number 16, as said Lot is shown on that certain map entitled Map of Tract
18         Number 571, Oak Hills Unit No. 3. Filed for Recorder of the County of Monterey
        in Volume 9 of Maps, Cities and Towns, page 52.

19     18.    The Charter Oak property described in paragraph 16, and more fully described in
20 paragraph 17, has at all pertinent times herein been property belonging to defendant William C.
21 Beretta, and only to him, for purposes of the tax lien provisions of the Internal Revenue Code.
22 Accordingly, the federal tax liens attached to the Charter Oak property when the liens arose, and
23 the tax liens have continued to the present and without interruption to attach to that real property.

24     19.    Defendant Jennifer Beretta was the nominee and transferee of defendant William
25 C. Beretta at the time of the conveyances described in paragraphs 16 and 17. The title to the
26 Charter Oak property passed to defendant Jennifer Beretta as nominee and transferee of William
27 C. Beretta.

28 ///

**COMPLAINT**        4

1 20. Alternatively, the real property conveyances or transfers described in paragraphs 16 and 17 were intended by defendant William C. Beretta to hinder, delay, or defraud the United States of America of present and future lawful taxes; therefore, pursuant to former California Civil Code Section 3439.07 and present California Civil Code Section 3439.04(a)(1), the conveyances or transfers were and are fraudulent and of no effect as to the United States of America.

21. The conveyances or transfers described in paragraphs 16 and 17 were and are fraudulent under present California Civil Code Section 3439.04(a)(1) and of no effect as to the United States because actual intent is shown by the transfer made to Jennifer Beretta, an insider, as per California Civil Code Section 3439.04(b)(1).

22. The conveyances or transfers described in paragraphs 16 and 17 were and are fraudulent under present California Civil Code Section 3439.04(a)(1) and of no effect as to the United States because actual intent is shown by the transfer of the Charter Oak property to Jennifer Beretta was substantially all of William C. Beretta's assets as per California Civil Code Section 3439.04(b)(5).

23. The conveyances or transfers described in paragraphs 16 and 17 were and are fraudulent under present California Civil Code Section 3439.04(a)(1) and of no effect as to the United States because William C. Beretta was insolvent because he had vastly more debt than assets, as per California Civil Code Section 3439.04(b)(9).

24. The conveyances or transfers described in paragraphs 16 and 17 were made without fair consideration or reasonably equivalent value, rendering defendant William C. Beretta insolvent pursuant to former and current California Civil Code Section 3439.02; therefore, pursuant to former California Civil Code Section 3439.04 and present California Civil Code Section 3439.05, the transfers or conveyances were and are fraudulent and of no effect as to the United States of America.

25. The conveyances or transfers described in paragraphs 16 and 17 were and are fraudulent under former California Civil Code Section 3439.05 and current California Civil Code Section 3439.04(a)(2)(A) and of no effect as to the United States because they was made without

COMPLAINT                                                      5

1 fair consideration or reasonable equivalent value and left defendant William C. Beretta with
2 remaining assets which were unreasonably small or insufficient to pay his current and future
3 debts, including his lawful tax liabilities.

4     26.    The conveyances or transfers described in paragraphs 16 and 17 were and are
5 fraudulent under former California Civil Code Section 3439.06 and current California Civil Code
6 3439.04(a)(2)(B) and of no effect as to the United States because they were made without fair
7 consideration or reasonably equivalent value and because defendant William C. Beretta intended
8 to incur, or believed or reasonably should have believed that he would incur, debts past his ability
9 to pay.

## COUNT V

## FORECLOSE FEDERAL TAX LIENS

12     27.    The United States realleges the allegations in paragraphs 1 through 26 above, as if
13 fully set forth herein.

14     28.    Pursuant to 26, United States Code, Sections 6321 and 6322, liens arose in favor
15 of the plaintiff, United States of America, upon all property and rights to property, whether real
16 or personal, belonging to defendant William C. Beretta as of the date of assessments described in
17 paragraph 10 or acquired thereafter.

18     29.    A Delegate of the Secretary of the Treasury filed Federal Tax Liens against
19 defendant William C. Beretta with the Monterey County Recorder's Office in Monterey County,
20 California on the dates described in paragraphs 14 and 15.

21     30.    The property described in paragraph 16, and more fully described in paragraph 17,
22 has at all pertinent times been property belonging to William C. Beretta, and only to him, for
23 purposes of the tax lien provisions of the Internal Revenue Code. Accordingly, the federal tax
24 liens at issue attached to the property when the liens arose, and the tax liens have continued, to
25 the present and without interruption, to attach to such property.

26     31.    In the alternative, the United States alleges that defendant Jennifer Beretta is an
27 alter ego and nominee/transferee of defendant William C. Beretta with respect to the real
28 property described in paragraph 16, and more fully described in paragraph 17.

COMPLAINT                                        6

1  32. The property described in paragraph 16, and more fully described in paragraph 17, was transferred or purportedly transferred to Jennifer Beretta as an alter ego or nominee/transferee of defendant William C. Beretta, and defendant Jennifer Beretta is used by defendant William C. Beretta to avoid paying federal tax obligations.

33. On April 1, 2003, a Delegate of the Secretary of the Treasury filed Nominee Federal Tax Liens with the Monterey County Recorder's Office in Monterey, California against defendant Jennifer Beretta as nominee and transferee of William C. Beretta.

34. The transactions described in paragraphs 16 and 17, in which Jennifer Beretta participated, were shams and lacked economic substance.

**WHEREFORE**, the plaintiff, United States of America, prays for the following relief:

1. That this Court determine and adjudge that the transfers described in paragraphs 16 and 17 were fraudulent and of no effect as to the United States of America;

2. That this Court determine and adjudge that Jennifer Beretta is an alter ego, nominee or transferee of defendant William C. Beretta;

3. That the tax liens of the United States of America against defendant William C. Beretta be foreclosed, and that this Court order the sale of the real property described in paragraphs 16, and more fully described in paragraph 17;

4. That the United States of America be granted its costs and attorneys' fees; and,

5. For such other and further relief as is just and proper.

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

THOMAS MOORE
Assistant United States Attorney
Tax Division

**COMPLAINT**   7