Richard Daly (CSB # 041302)
123 F Street, Suite E
Post Office Box 2004
Eureka, CA 95502
Telephone (707) 445-5471
Fax: (707 445-2464

Attorney for Jennifer Beretta

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM C. BERETTA, JENNIFER BERETTA, MAX DAY, TOM'S SEPTIC TANK SERVICE, INC.,<br><br>    Defendants | No. C072930 BZ<br><br>ANSWER |

Jennifer Beretta answers the complaint filed in the above entitled case admitting, denying and alleging as follows:

1.  Admit that this is a civil action brought by the United States against defendant William C. Beretta to set aside conveyances or transfers of real property. Denies each and every remaining allegation of paragraph 1 of the Complaint. By way of illustration and not limitation, denies that the conveyances wre fraudulent and denies that there are federal tax liens upon the property.

2.  Denied. Specifically deny that the Secretary of the Treasury authorized the action and deny that the Chief Counsel of the Internal Revenue Service had the authority to request the action without the authorization of one particular delegate of the Secretary, the Area Director of the Internal Revenue Service.

3. Admit.

4. Admit.

5. Admitted.

6. Denies that Jennifer Beretta is the alter ego, nominee, or agent of William C. Beretta, admits the remaining allegations of paragraph 6.

7 & 8. Denies the allegations of paragraphs 7 and 8 for lack of sufficient information to make a responsive pleading.

9. Noted

10. Admits the allegations of paragraph 10 except denies the balance reported and alleges that the correct amounts of tax assessed on the dates of assessment were as follows:

**Unpaid Income Tax**

| Year | Amount |
|---|---|
| 1987 | $ 4,315.47 |
| 1988 | $ 6,636.00 |
| 1989 | $12,473.00 |
| 1990 | $12,382.00 |
| 1996 | $     71.11 |
| 1997 | $    218.00 |
| Total | $36,095.58 |

Plus interest and penalties.

11. Denied. Alleges that any obligation William C. Beretta had to pay the assessments described in Paragraph 10 was discharged n bankruptcy on November 23, 2004.. A copy of the discharge is attached as Exhibit 1 and incorporated herein by this reference.

12. Noted.

13. Admit.

14. Admitted

15. Admit. Allege the filing was in violation of the automatic stay

Answer to Complaint         2

1 | provisions of the Bankruptcy Code and is therefore void.  11 USC 362.
2 |
3 |     16.    Admitted
4 |     17.    Admitted
5 |     18.    Denied.
6 |     19.    Admits the title to the Charter Oak property passed to defendant
7 |            Jennifer Beretta as Transferee of William C. Beretta.  Denies the
8 |            remaining allegations of paragraph 19.
9 | Paragraphs 20 thru 26 - Denied.
10 |    27.    Noted.
11 |    28.    Admitted
12 |    29.    Admitted
13 |    30.    Denied
14 |    31.    Denied.
15 |    32.    Denied.
16 |    33.    Admit.  Allege that the filing was in violation of the automatic stay
17 | Provisions of the Bankruptcy Code and is therefore void.  11 USC 362.
18 |    34.    Denied.

### AFFIRMATIVE DEFENSES

**First Affirmative Defense**

A.  This action is an attempt to seize the personal residence of the defendant Jennifer Beretta and her minor son without the prior written approval of the Area Director of the Internal Revenue Service in violation of the provisions of the Internal Revenue Manual.  A copy of the provisions is attached as Exhibit 2 and incorporated herein by this reference.

**Second Affirmative Defense**

B.    The Internal Revenue Service released its lien on the property that is the subject of this action.  A copy of the lien release is attached as Exhibit 3 and

Answer to Complaint    3

1  incorporated herein by this reference.
2      This action is to seize the personal residence of defendant herein without the
3  prior written approval of the Area Director of the Internal Revenue Service.
4      Wherefore, the defendant, Jennifer Beretta prays for the following relief:
5      1.  That the complaint be dismissed for the lack of proper authorization.
6      2.  That this court determine that there is no tax lien in favor of the United
7  States of America encumbering the property described in paragraphs 16 and 17.
8      3.  That the defendant, Jennifer Beretta, be granted her costs and attorney's
9  fees; and,
10     4.  For such other and further relief as is just and proper.
11     Respectfully submitted,
12
13 Date: August 30, 2007    *Richard Daly*
    Richard Daly, Attorney for
14     Defendant, Jennifer Beretta

15
16
17
18
19
20
21
22
23
24
25
26
27
28

Answer to Complaint    4

ORIGINAL

22 NOV REC'D

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

IN RE:                                              CASE NO.    02-50292 GWZ

WILLIAM C. BERETTA,                                 CHAPTER 13

PATRICIA U«AY, (JLSW          DISCHARGE OF DEBTOR AFTER—
                              COMPLETION OF CHAPTER 13 PLAN

Debtor.    /

The debtor filed a petition under Title 11, United States Code on February 1, 2002, that the debtor's plan has been confirmed, and that the debtor has fulfilled all requirements under the plan;

IT IS ORDERED THAT:

1. Pursuant to 11 U.S.C. § 1328(a), the debtor is discharged from all debts provided for by the plan or disallowed under 11 U.S.C. § 502, except any debt:

   a) provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment is due after the date on which the final payment under the plan was due;
   b) in the nature of alimony to, maintenance for, or support of a spouse, former spouse, or child of the debtor in connection with a separation agreement, divorce decree or other order of a court of record, or property settlement agreement, as specified in 11 U.S.C. § 523(a)(5);
   c) for a student loan or educational benefit overpayment as specified in 11 U.S.C. § 523(a)(8);
   d) for a death or personal injury caused by the debtor's unlawful operation of a motor vehicle while intoxicated from using alcohol, a drug, or another substance, as specified in 11 U.S.C §523(a)(9), in case commenced on or after November 15, 1990;
   e) for restitution included in a sentence on the debtor's conviction of a crime, in a case commenced on or after November 15, 1990;
   f) for a fine included in a sentence on the debtor's conviction of a crime, in a case commenced on or after October 22, 1994.

2. Pursuant to 11 U.S.C. §1328(d), the debtor is not discharged from any debt based on an allowed claim filed under 11 U.S.C. § 1305(a)(2) if prior approval by the trustee of the debtor incurring such debt was practicable and was not obtained.

3. Notwithstanding the provisions of title 11, United States Code, the debtor is not discharged from any debt made non-dlschargeatiie by 18 U.S.C. § 3613(i), by certain provisions of titles 10, 37, 38, 42, and 5G of the United States Code, or by any other applicable provision of law.

4. All creditors are prohibited from attempting to collect any debt that has been discharged in this case.

DATED: _//-&L3~{%/_____

FOR THE COURT
PATRICIA GRAY, CLERK

BANKRUPTCY DEPUTY CLERK

EXHIBIT 1

WILLIAM A. VAN METER, ESQ.
Nevada State Bar No. 2803
P.O. Box 6630
Renp, Nevada 89513
•Telephone: (775) 324-2500

Chapter 13 Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

IN RE:                                          CASE NO.   02-50292 GWZ

WILLIAM C. BERETTA,                             CHAPTER 13

                                                TRUSTEES-NOTICE JQE PLAN-COMPLETION

_____ Debtor.   /

TO:  The Bankruptcy CourtCIerk:

NOTICE IS HEREBY GIVEN that, based on the Trustee's records, it appears that the payments required in connection with the confirmed Chapter 13 Plan in this case have been completed and that the entry of a Chapter 13 Discharge is appropriate. The Trustee has disbursed all funds received in this case. A proposed Discharge of Debtor After Completion of Chapter 13 Plan has been lodged with the Clerk.

Dated:  November 22, 2004

                                        /S/ WILLIAM A. VAN METER
                                        William A. Van Meter, Trustee

## CERTIFICATE OF SERVICE

I, Beatrice Meyers, swear under penalty of perjury that I am over the age of 18, not a party to the above action, and unless otherwise indicated, a copy of the TRUSTEE'S NOTICE OF PLAN COMPLETION was served by United States Mail, first-class postage prepaid on the persons indicated below.

Dated: November 22, 2004

/S/ Bea Meyers
Bea Meyers
Assistant to Chapter 13 Trustee

WILLIAM C. BERETTA
316 CALIFORNIA AVENUE
BOX 333
RENO, NV 89509-1650

CLIFTON J. YOUNG, ESQ.                      (Hand Delivered via Reno Carson Messenger Service)
1085 S. VIRGINIA, #D
RENO, NV 89509

5.10.2.15  (11-01-2006)
**Judicial Approval for Principal Residence Seizures**

1. The Service must secure judicial approval prior to seizing a principal residence (Internal Revenue Code (IRC) section 6334(e)(1)). This includes any real property used as a principal residence by any of the following individuals:

    - Taxpayer

    - Taxpayer's spouse or former spouse

    - Taxpayer's minor children

    **Note:**

    For a principal residence seizure, the liability must exceed $5,000 IRC 6334(a)(13)(A).

2. If there are issues related to ownership, nominee situations, collection statute concerns (CSED expires in one year or less), or other items, then a suit recommendation to foreclose the Federal Tax Lien and/or to reduce the tax claim to judgment may be the appropriate case action. Consult Technical Services (Advisory) or area counsel for further guidance. Additional information on principal residence seizures is located in IRM 5.17.3.1.3.7, Seizure of a Principal Residence.

3. If all of the requirements of 5.10.1.3 through 5.10.1.5 have been met and it is determined that seizure is the appropriate case action, enter the asset information into the ICS seizure and sale application and begin preparing the suit narrative report (see IRM 5.17.4.9, Proceeding to Seize a Principal Residence, and IRM 5.17.12, Investigations and Reports, for additional information).

4. The format of the revenue officer's suit narrative report is much the same as in other suit narrative reports. The suit narrative details the results of the investigation and contains the recommendation to seize the principal residence. Each section is labeled and paragraphs are numbered from one and continue in order throughout the narrative report. The narrative should be complete and concise, and should contain only facts and not opinions. All supporting documents should be included as exhibits.

5. The report begins with the taxpayer's name, address, and taxpayer identification number, followed by three sections:

    - Introduction

    - Body

    - Conclusion and Recommendation

6. The "Introduction" includes the following information:

    - A request for institution of civil action for judicial approval of a principal residence seizure

    - The amount of money expected as the net sale proceeds

    - The type(s) of tax and current outstanding balance(s), including accruals, through a current date; this information should be the same as the account information included on Form 4477, Civil Suit Recommendation

    - The earliest collection statute expiration date (CSED)

    - A summary of administrative actions taken or the reason why specific administrative actions were not taken

    - The need for urgent action if required

    **Note:**

    Civil action for principal residence seizure approval is not designated for Settlement Option Procedures.

7. The "Body" should contain a chronological presentation of the facts supported by exhibits. The following table describes the information and exhibits that should be included. Additional exhibits may be used as necessary.

| Topic | Information to Include | Exhibits |
|---|---|---|
|  | - Age<br>- Health |  |


EXHIBIT 2

http://www.irs.gov/irm/part5/chl0s02.html

| | | |
|---|---|---|
| Information about the taxpayer | • Marital status<br>• Occupation<br>• Dependents<br>• Tax compliance history<br>• Current compliance<br>• Any other factors that may bear on the case<br>• Information on any related cases<br>• ID of all persons holding valid power of attorney for or otherwise representing the taxpayer or other involved parties | |
| Information regarding occupants (including children) | • Name(s)<br>• Relationship(s) to the taxpayer<br>• Brief history (Age, health, etc.)<br>• Current mailing address of the occupant(s) of the principal residence | |
| Verification of the liability | • Basis for assessment (s) (voluntarily filed, examination assessment, etc.)<br>• Date of assessment(s)<br>• Timeliness of the assessment(s) per IRC 6201<br>• Date of notice and demand for payment for each liability | • Certificates of Assessment (Form 4340) or other certified transcripts |
| Collection Due Process | • Dates of Collection Due Process notification with appropriate forms and publications for each liability<br>• Results of notification - any responses received from the taxpayer<br>• Dates of any CDP or Equivalent hearings<br>• Results/CDP determinations | • Letter 1058<br>• CDP filing information<br>• Information received from Appeals<br>• Results of CDP or Equivalent hearings |

| | | |
|---|---|---|
| Lien filing information for all modules | <ul><li>A summary of the relevant issues raised in prior IRC 6330 hearings</li><li>Lien filing information on all modules (dates and locations, including any refiled liens)</li><li>IRC 6320 notification for each module</li><li>Dates of any CDP or Equivalent hearings</li><li>Results/CDP determinations</li><li>A summary of the relevant issues raised in prior IRC 6320 hearings</li></ul> | <ul><li>Copies of Liens</li><li>CDP filing information</li><li>Information received from Appeals</li><li>Results of CDP or Equivalent hearings</li></ul> |
| Property description | <ul><li>Accurate legal description of the property from the deed which has been recorded with the local recording office</li><li>Taxpayer's ownership interest in the property</li><li>Any denial of ownership interest or evidence of such provided by the taxpayer or third party</li><li>Any additional Information to describe the property</li></ul> | <ul><li>Copy of Deed</li><li>Form 2433, Notice of Seizure</li></ul> |
| Valuation of the Property/Encumbrances against property | <ul><li>Fair Market Value and how derived</li><li>Forced Sale Value and Minimum Bid Calculation</li><li>Encumbrances</li><li>Nature/Amount/Priority of any encumbrances</li><li>Identification of any parties with competing liens</li><li>Description of the nature and amount of anyone else's interest in the property</li><li>Determination of expected net proceeds</li><li>Discussion of Alternative Methods of</li></ul> | <ul><li>Draft Form 4585</li><li>Commercial Title search results</li><li>Letter 1029 or other documentation of current status and amount due for each encumbrance</li><li>Form 2434-B</li><li>Appraisal (if secured)</li></ul> Form "13719 (Pm- |

| Sufficient information to establish that all other legal and procedural requirements relevant to the proposed seizure have been met, including IRC 6331 (j) requirements | Collection Considered/Risk Analysis<br><br>• Attempts to personally notify the taxpayer of proposed seizure<br><br>• All other pre-seizure requirements met | Seizure Approval and Checklist) - the checklist should reference the appropriate paragraph from the suit narrative where the action is addressed |
|---|---|---|

8. The "Conclusion and Recommendation" is the closing for the report. Include the following information in this section:

    - A brief summary of the recommendation for a principal residence seizure

    - A restatement of the request for institution of civil action

9. The suit package should contain:

    - Form 4477, Civil Suit Recommendation (mark Item 3 as "Other" and enter "Judicial Approval for Principal Residence Seizure")

    - Suit Narrative Report

    - Form 2434-B, Notice of Encumbrances Against or Interests in Property Offered for Sale

    - Form 2433, Notice of Seizure, with the current accurate legal description (and current derivation clause, if required)

    - Draft Form 4585, Minimum Bid Worksheet

    - Copies of Notices of Federal Tax Lien

    - Form 13719, Pre-Seizure Checklist and Approval Request; the checklist should reference the appropriate paragraph reference from the suit narrative where the action is addressed

    - Copy of Deed to Property

    - Title search results

    - Any other relevant documents, such as appraisals, L-1058, L-3174, L-1029, etc.

10. The completed suit package should be forwarded from the group manager, through Technical Services (Advisory), and then through the appropriate levels of management, including the area director. Technical Services (Advisory) will complete the pre-seizure review as part of the suit review and approval process.

11. After the Area Director approves the suit recommendation, Technical Services (Advisory) will submit the case to Area Counsel for referral to the Department of Justice (DOJ). The DOJ will file a petition with the court and will make an initial showing that:

    - The liability is due

    - The government has complied with all legal/administrative requirements

    - There are no collection alternatives to the principal residence seizure

12. The taxpayer will be served with an order to show cause (Exhibit 5.10.2-2) why the residence should not be seized. In most cases, the revenue officer will be asked to serve the show cause order. Generally, the show cause order requires personal service or it may be left at the defendant's usual place of abode with someone of suitable age and discretion. Contact Counsel if there are any questions on the procedures to follow for delivery of these documents. If the taxpayer files a response to the show cause order, a hearing will be held. The taxpayer cannot dispute the tax liability during this hearing.

13. Where the property to be seized is also the principal residence of the taxpayer's spouse, former spouse, or minor child, DOJ will send a "notice letter" to those parties informing them of the petition filed with the court and giving the number/address of the clerk of the court, if they wish to learn the date and location of the hearing.

    Note:

These individuals will not be parties to the proceeding. Only the taxpayer will have an opportunity to be heard at the hearing.

14. This notice letter also instructs the addressee to contact the revenue officer assigned the case to provide any other relevant information the Service should consider before seeking the seizure. The revenue officer should be prepared to pass along any information received to the DOJ trial attorney through aAdvisory.

15. After the court order is received, the revenue officer should prepare Form 668-B, Levy, and secure the appropriate approvals, based on local guidelines. Form 668-B can include only the periods for which the court order was approved.

    **Reminder:**

    A complete seizure package is not required and no additional Technical Services review is required at this point since the necessary review took place prior to submitting the suit for approval.

16. If judicial approval is denied, consult with Technical Services (Advisory), and if appropriate, area counsel, to determine further case action.

| Form 668 (Z) (Rev. 10-2000) | Certificate of Release of Federal Tax Lien | | |
|---|---|---|---|
| Area:<br>WAGE S INVESTMENT AREA #7<br>Lien Unit Phone: (800) 913-6050 | Serial Number<br>770153944 | | For Use by Recording Office |

I certify that the following-named taxpayer, under the requirements of section 6325 of the Internal Revenue Code has satisfied the taxes listed below and all **statutory** additions. Therefore, the lien provided by Code section 6321 for these faxes and additions has been released. The proper officer in the office where the notice of internal revenue fax lien was filed on **July 27**, **2JH11**, js authorized to note the books to show lhe release of this lien for these taxes and additions.

Name of Taxpayer   WILLIAM C BERETTA

Residence   15605 CHARTER OAK
SALINAS, CA 93907-1109

COURT RECORDING INFORMATION:

| Liber | Page | UCC No. | Serial No. |
|---|---|---|---|
| n/a | n/a | n/a | 2001062641 |

| Kind of Tax (a) | Tax Period Ended (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (t) |
|---|---|---|---|---|---|
| 1040 | 12/31/1987 | 570-SQ-9028 | 04/11/1988 | N/A- | |
| 1040 | 12/31/1987 | 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 | 10/05/1998 | 11/04/2008 | 14592.41 |
| 1040 | 12/31/1988 | 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 | 05/22/1989 | N/A | |
| 1040 | 12/31/1988 | 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 | 10/05/1998 | 11/04/2008 | 27260.48 |
| 1040 | 12/31/1989 | 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 | 05/07/1990 | N/A | |
| 1Q40 | 12/31/1989 | 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 | 10/05/1998 | 11/04/2008 | 45787.52 |
| 1040 | 12/31/1990 | 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 | 04/15/1991 | N/A | |
| 1040 | 12/31/1990 | 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 | 10/05/1998 | 11/04/2008 | 40771.33 |
| 1Q40 | 12/31/1996 | 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 | 12/21/1998 | 01/20/2009 | 171.78 |
| 1040 | 12/31/1997 | 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 | 12/14/1998 | 01/13/2009 | 350.20 |

xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx

Place of Filing

COUNTY RECORDER
MONTEREY COUNTY
SALINAS, CA 93902

Total   128933.72

This notice was prepared and signed at   SAN JOSE, CA                              , on thi

the  29 th   day of   June          , _2flJBP_   .

Signature _Sherwood_           Title   Director, Payment Compliance

(**NOTE:**  Certificate of **officer authorized by** law to take **acknowledgements** is not essentiS[...]se of Federal fax Lien
ROV. **Rul.** 71-466, 1971 - 2 C.8. 409

Part 2 - Taxpayer's Copy     EXHIBIT 3     Foirn668 (Z) (Rev. 10-2
CAT. NO 6C

000881