1    SCOTT N. SCHOOLS   (SCSBN 9990)
     United States Attorney
2    THOMAS MOORE  (ASBN 4305-O78T)
     Assistant United States Attorney
3    Chief, Tax Division
       9th Floor Federal Building
4      450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102
5    Telephone:   (415) 436-7017
     Fax:         (415) 436-6748
6
     Attorneys for United States of America
7
               IN THE UNITED STATES DISTRICT COURT FOR THE
8
                    NORTHERN DISTRICT OF CALIFORNIA
9
                       SAN FRANCISCO DIVISION
10

11   UNITED STATES OF AMERICA,              )
                                            )   NO.  C-07-2930-MJJ
           Plaintiff,                       )
12                                          )
                                            )
13         v.                               )
                                            )   DECLARATION AND REQUEST FOR
     WILLIAM C. BERETTA, JENNIFER           )   DEFAULT AND JUDGMENT
14   BERETTA, MAX DAY, TOM'S SEPTIC         )
     TANK SERVICE, INC.                     )
15                                          )
           Defendants.                      )
16   _____)

17         I, Thomas Moore, Assistant United States Attorney, on behalf of the plaintiff, United

18   States of America, request the entry of default and default judgment against defendant Tom's

19   Septic Tank Service, Inc., for the following reasons:

20         1. The United States commenced this action against the defendant, William C. Beretta,

21   by filing a complaint against him to reduce tax assessments to judgment and to foreclose tax liens

22   against the subject real property; to determine that the property is held by a nominee and to set

23   aside the transfer of real property as fraudulent.

24         2. This action was also commenced against the defendant, Tom's Septic Tank Service,

25   Inc. by filing a complaint against it to determine that it has no interest in the subject real property

26   which the United States seeks to foreclose its liens against.

27         3. A summons on the complaint was issued by the clerk of the court on June 5, 2007.

28   ///

1    4. Defendant, Tom Septic Tank Service, was personally served with a copy of the

2    summons, complaint and Notice of Lawsuit and Request for Waiver of Service of Summons on

3    July 26, 2007.

4    5. On July 27, 2007, defendant, Tom's Septic Tank Service, Inc., through its corporate

5    officer Lucy DeLaTorre, Secretary, signed and returned to the United States the Waiver of

6    Service of Summons requiring it to answer the complaint within 60 days of July 26, 2007. See

7    attached Exhibit 1.

8    6. On two occasions, one during the week of September 10, 2007 and again on

9    September 18, 2007, I spoke with Ms. DeLaTorre concerning Tom's Septic Tank Service, Inc.,

10   failure to answer or defend this matter. On both occasions she informed me that Tom's Septic

11   Tank Service, Inc., would not answer the complaint served upon it. On September 18, 2007 she

12   told me that I should file the documents necessary to enter default against Tom's Septic Tank

13   Service, Inc.

14   7. Tom's Septic Tank Service, Inc., has not answered or served any other defense upon

15   counsel for the plaintiff and has failed to appear.

16   8. According to available records and my best information and belief Tom's Septic Tank

17   Service, Inc., is not a member of the Armed Forces or in military service within the purview of

18   the Soldiers' and Sailors' Relief Act of 1940, as amended, and is not an infant or incompetent.

19   9. No stipulation or order has been made extending the time of Tom's Septic Tank

20   Service, Inc., to plead or otherwise defend.

21   I declare under penalty of perjury that the foregoing is true.

22   Dated this 28th day of September, 2007.

23

24

25   THOMAS MOORE
     Assistant United States Attorney
26   Chief, Tax Division

27

28

Decl. & Request For Default
& Judgment (C-07-2930-MJJ)                        2

AO 399 (12/93)

## WAIVER OF SERVICE OF SUMMONS

TO:  ___THOMAS MOORE, AUSA, TAX DIVISION___
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I acknowledge receipt of your request that I waive service of a summons in the action of
___U.S. v. WILLIAM C. BERETTA, et al.___, which is case number ___C-07-2930-BZ___
(CAPTION OF ACTION)                                                (DOCKET NUMBER)

in the United States District Court for the ___NORTHERN___ District of

___CALIFORNIA___. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting)

if an answer or motion under Rule 12 is not served upon you within 60 days after ___7/26/07___,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

___7/27/07___
DATE

_Lucy De La Tone_
SIGNATURE

Printed/Typed Name: _Lucy DeLaTorre_

As _Secretary_        of _Tonis Septic-Tank Ser Inc_
(TITLE)                      (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

Exhibit 1