UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>WILLIAM C. BERETTA, *et al.*,<br><br>        Defendants.<br>_____/ | No. C-07-2930 MJJ (EMC)<br><br>**ORDER RE SUPPLEMENTAL BRIEFING AND/OR EVIDENCE**<br><br>**(Docket No. 21)** |

Plaintiff United States of America filed suit against Defendants William C. Beretta, Jennifer Beretta, Max Day, and Tom's Septic Tank Service, Inc. ("Tom's Septic"). After Tom's Septic failed to answer or otherwise respond to the complaint, the United States asked for entry of default and default judgment against Tom's Septic. The motion was referred to the undersigned for a report and recommendation. *See* Docket No. 23. Default was entered on October 15, 2007. *See* Docket No. 24. Having considered the United States's motion for default judgment, the accompanying submissions, and all other evidence of record, the Court hereby orders that the United States provide supplemental briefing and/or evidence in support of its motion.

### I.   **FACTUAL & PROCEDURAL BACKGROUND**

On June 5, 2007, the United States filed a complaint against Mr. Beretta, Ms. Beretta, Max Day, and Tom's Septic. *See* Docket No. 1. In the complaint, the United States alleges that Mr. Beretta had unpaid federal income taxes for the years 1987, 1988, 1989, 1990, 1996, and 1997 and that, despite timely notice and demand, Mr. Beretta neglected, failed, or refused to pay the assessments owed. *See* Compl. ¶¶ 10-11. The United States also alleges that Mr. Beretta was the

owner of certain real property in Monterey County and fraudulently transferred that property to Ms. Beretta in order to avoid paying the assessments owed. *See* Compl. ¶ 20.

With the instant lawsuit, the United States seeks to set aside the fraudulent transfer of the property by Mr. Beretta and to foreclose the federal tax liens on the property. *See* Compl. ¶ 1. The United States identified Tom's Septic as a defendant in the lawsuit because it "may claim an interest in the real property [at issue]." Compl. ¶ 8; *see also* 26 U.S.C. Section 7403(b) ("All persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto."). On July 26, 2007, the United States sent to Tom's Septic, by certified mail, a copy of the summons and complaint as well as a Notice of Lawsuit and Request for Waiver of Service of Summons. *See* Moore Supp. Decl. ¶ 1 & Ex. 2-4. The next day, Tom's Septic, through its corporate officer Lucy De La Torre, Secretary, signed and returned to the United States a waiver of service of summons, which gave Tom's Septic sixty days from service to respond to the complaint. *See* Moore Decl., Ex. 1. Thereafter, in September 2007, counsel for the United States twice spoke to Ms. De La Torre about the complaint, and she informed counsel that Tom's Septic would not answer. *See* Moore Decl. ¶ 6. She further told counsel that he should file the documents necessary to enter a default against Tom's Septic. *See* Moore's Decl. ¶ 6.

Accordingly, on September 28, 2007, the United States asked for entry of default and default judgment.

## II. DISCUSSION

A. Service of Process

To grant or deny a default judgment, a court must first "assess the adequacy of the service of process on the party against whom default is requested." *Board of Trustees of the N. Cal. Sheet Metal Workers v. Peters*, No. C-00-0395 VRW, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2, 2001). In this case, the United States obtained a waiver of service in compliance with Federal Rule of Civil Procedure 4(d)(2). *See* Fed. R. Civ. P. 4(d)(2) (allowing a plaintiff to notify a defendant of commencement of an action and request that the defendant waive service of a summons). Consequently, the Court concludes that service of process on Tom's Septic was proper.

B.   Default Judgment and *Eitel* Factors

After entry of a default, a court may grant a default judgment on the merits of the case. *See* Fed. R. Civ. P. 55. A default judgment may not be entered, however, against an infant or incompetent person unless represented in the action by a general guardian or other such representative who has appeared. *See id.* Furthermore, a default judgment may not be entered against an individual in military service until after the court appoints an attorney to represent the defendant. *See* 50 U.S.C. App. § 521. In the instant case, Plaintiff has provided sufficient evidence demonstrating that Tom's Septic is neither an infant, incompetent person, or a person in military service. *See* Moore Decl. ¶ 8. Accordingly, the Court may consider whether a default judgment may be entered against Tom's Septic.

"The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors that a court may consider in exercising that discretion include:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Upon entry of default, the factual allegations of the plaintiff's complaint will be taken as true, except for those relating to the amount of damages. *See TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987).

At this juncture, the Court has concerns regarding the second and third *Eitel* factors, which "require that a plaintiff state a claim on which the [plaintiff] may recover." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003). In the instant case, the relief sought by the United States is a declaration that Tom's Septic has no interest in the real property in Monterey County. Even taking all well-pled allegations in the complaint as true, the Court cannot say that the United States has adequately stated a claim for such relief against Tom's Septic. The allegations in the complaint are that Mr. Beretta had unpaid federal income taxes for the years 1987, 1988, 1989, 1990, 1996, and 1997, which he failed to pay despite timely notice and demand. *See*

3

Compl. ¶¶ 10-11. Under 26 U.S.C. § 6321, based on Mr. Beretta's failure to pay after demand, tax liens in favor of the United States arose upon all property and rights to property, whether real or personal, belonging to him. *See* 26 U.S.C. § 6321. Under § 6322, the liens imposed arose at the time the assessments were made. *See id.* § 6322. Accordingly, based on the allegations in the complaint, the United States arguably has a stake in the real property at issue.

There are no allegations in the complaint, however, that Tom's Septic does not have any interest in the real property at issue, the declaration of which is the relief sought by the United States in its motion for default judgment. Indeed, the complaint suggests that Tom's Septic may have an interest. *See* Compl. ¶ 8 (stating that Tom's Septic "may claim an interest in the real property [at issue]"). There is no allegation or evidence that the interest of the United States is superior to that of Tom's Septic. *See, e.g.*, 26 U.S.C. § 6323(a) (providing that the lien imposed by § 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the secretary).

Accordingly, the Court hereby orders that the United States provide supplemental material or evidence supporting a conclusion that Tom's Septic in fact has no interest in the property or an interest that is subordinate to the tax liens of the United States herein.

### III. CONCLUSION

The Court orders the United States to provide supplemental material and/or evidence as described above. Such papers should be filed with the Court within two weeks of the date of this order.

Dated: December 4, 2007

EDWARD M. CHEN
United States Magistrate Judge

4